IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 07-cv-00701-BNB

MAY 3 - 2007

DARRYL MARTIN,

GREGORY C. LANGHAM
CLERK

      Applicant,

v.

DIRECTOR OF COLORADO DEPARTMENT OF CORRECTIONS PAROLE BOARD,
MR. SMELSER, Warden Crowley Correctional Facility,
THE ATTORNEY GENERAL OF THE STATE OF COLORADO, and
CHIEF OF MENTAL HEALTH DEPARTMENT, DEPARTMENT OF CORRECTIONS,
      COLORADO D.O.C.,

      Respondents.

---

## ORDER DIRECTING APPLICANT TO FILE A SECOND AMENDED APPLICATION

---

Applicant, Darryl Martin, is a prisoner in the custody of the Colorado Department of Corrections, who currently is incarcerated at the Crowley Correctional Facility in Olney Springs, Colorado. On March 29, 2007, Mr. Martin submitted to the Court a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The Court construed the action as more properly filed pursuant to 28 U.S.C. § 2241 and instructed Mr. Martin to submit an Amended Application on a Court-approved form used in asserting claims pursuant to § 2241. Mr. Martin further was instructed that the only proper claim to set forth was his denial of parole claim.

On April 20, 2007, Applicant filed a § 2241 Court-approved form. He also filed two additional documents titled, "Plaintiffs [sic] Amended Pleading in Accordance with Federal Rules of Civil Procedure," and "Plaintiffs [sic] Amended Pleading in Accordance with Federal Rules of Civil Procedure and Incorporated Exhibits Referenced Within Habeas Petition."

The Court must construe the Amended Application and Amended Pleadings liberally because Mr. Martin is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Martin will be ordered to file a Second Amended Application.

Applicant's claims as asserted in the Amended Application and in the two Amended Pleadings are repetitious and prolix. Mr. Martin, therefore, is directed to file a Second Amended Application on a Court-approved form and to state his denial of parole claims on the form in a simple and concise manner pursuant to Rule 8 of the Federal Rules of Civil Procedure.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Mr. Martin also should take note that pursuant to 28 U.S.C. § 2243 an application for writ of habeas corpus is directed to the person who has custody of the

2

person detained.  The only correct respondent in this action would be the custodian of the facility where Mr. Martin is incarcerated.  Therefore, Mr. Martin will be ordered to name the custodian of the facility where he is incarcerated in the Second Amended Application.  Accordingly, it is

ORDERED that Mr. Martin file, **within thirty days from the date of this Order**, a Second Amended Application that complies with the Order.  It is

FURTHER ORDERED that Mr. Martin's Second Amended Application shall be titled, "Second Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Martin, together with a copy of this Order, two copies of the 28 U.S.C. § 2241 Court-approved form.  It is

FURTHER ORDERED that if Mr. Martin fails within the time allowed to file a Second Amended Application as directed the Application will be denied and the action will be dismissed without further notice.  It is

FURTHER ORDERED that Mr. Martin name as Respondent the custodian of the facility where he is incarcerated.

DATED May 3, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 07-cv-00701-BNB

Darryl Martin
Prisoner No. 61336
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** the above-named individuals on      5.3-07

GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk